Upon a motion for a new trial, the case was referred to this Court, upon the question whether, if the verdict be against law, yet as the finding is consistent with the equity of the case, ought a new trial to be granted?
An endorser undertakes to pay a note only in the event of the maker's not paying it, and, therefore, when the endorser receives the note, he undertakes to apply to the maker; and, if after it becomes payable, he is guilty of neglect, and the maker becomes insolvent, he loses his recourse against the endorser. Notice is necessary to the endorser, because he is liable only in a secondary degree, and after everything has been done by the endorser which he engaged to do. It is not, therefore, enough that the endorser should be apprised of the default of the maker, but he should be distinctly notified that the holder looked to him for payment: for notice of nonpayment might be accompanied with circumstances showing that the endorser had, by his neglect, discharged the endorser. The notice in this case was of no more (509) effect than if it had been given by a third person, because the constable was not authorized to give it. The insolvency of the maker creates no difference, and the law of the case forms its justice, where the reciprocal engagement of parties stipulates that something is to be done before a right of recovery can exist.
New trial.
NOTE. — See Pons v. Kelly, 3 N.C. 45, and the note thereto. *Page 374